## Commonwealth v. Rinaldi.

*Indictment for carrying concealed weapons by foreigner—Complaint—Acts of March 18, 1875, May 8, 1909, and May 24, 1923—Constitution, art. iii, sect. 3.*

1. An indictment for carrying a concealed, deadly weapon under the Act of March 18, 1875, P. L. 33, cannot be based on a complaint under the Act of May 8, 1909, P. L. 466.

2. The Act of May 8, 1909, was specifically repealed by the Act of May 24, 1923, P. L. 359, and an indictment under it cannot be sustained.

3. The offence not being designated as a misdemeanor or a felony under the Act of May 24, 1923, should have been proceeded with before the alderman as a summary conviction, and an indictment cannot be maintained.

4. *Quære*, whether the Act of May 24, 1923, is not unconstitutional as in violation of article iii, section 3, of the Constitution.

Indictment. Demurrer. Q. S. Lancaster Co., Jan. Sess., 1924, Nos. 21 and 22.

B. F. Davis, for demurrer.

Sumner V. Hosterman, Assistant District Attorney, contra.

LANDIS, P. J., March 29, 1924.—Two indictments were found against the above-named defendant. One charged him with having, on Nov. 28, 1923, carried concealed on his person a loaded revolver, and the other charged him, an unnaturalized foreigner, with unlawfully possessing a firearm, to wit, a loaded revolver of Savage make. Demurrers have been filed to both of the indictments.

The complaint alleged that the defendant "did unlawfully and wilfully on said date carry and have concealed on his person a loaded revolver of Savage

make, said Charles Rinaldi being an unnaturalized citizen and of foreign birth: Act of May 8, 1909, P. L. 466." It would seem, therefore, that, if sustainable at all, the charge must be based upon the Act of 1909. There is no complaint to sustain a charge of carrying concealed deadly weapons under the Act of March 18, 1875, P. L. 33, and as the first indictment is drawn under that act, it must necessarily fall.

The Act of May 8, 1909, P. L. 466, was entitled "An act to give additional protection to wild birds and animals and game within the Commonwealth of Pennsylvania; prohibiting the hunting for, or capture or killing of, such wild birds or animals or game by unnaturalized foreign-born residents; forbidding the ownership or possession of shot-gun or rifle by any unnaturalized foreign-born resident within the Commonwealth; and prescribing penalties for violation of its provisions." The 1st section of this act made it "unlawful for any unnaturalized foreign-born resident to hunt for, or capture or kill, in this Commonwealth, any wild bird or animal, either game or otherwise, of any description, excepting in defence of person or property, and to that end it shall be unlawful for any unnaturalized foreign-born resident within this Commonwealth to either own or be possessed of a shot-gun or rifle of any make." A penalty was imposed upon conviction for violation of these provisions. But this act was specifically repealed by the Act of May 24, 1923, § 1301, art. XXXIV, P. L. 359, and the indictment cannot, therefore, be sustained under the Act of 1909.

The next question is whether the Act of 1923 applies. The title to this act is, "An act concerning game and other wild birds and wild animals, and amending, revising, consolidating and changing the law relating thereto." Section 903 of article IX of the act provides that "the possession of a shot-gun or rifle or pistol or firearm of any make or kind, or of a dog of any kind, at any place outside of buildings, by an unnaturalized foreign-born resident, shall be *prima facie* evidence of a violation of the provisions of this article," and that "the presence of a shot-gun or rifle or pistol or firearm of any make or kind, or of a dog of any kind, in a room or house or building or tent or camp of any description, occupied or controlled by an unnaturalized foreign-born resident, shall be *prima facie* evidence that such firearm or dog is owned or controlled by the person occupying or controlling the property in which the same is found, and shall render such person liable to the fines imposed by this article." Section 904 designates the fines to be paid for a violation of this article, and section 1101 declares that, "except in cases where the offence is designated a misdemeanor or a felony, each magistrate, alderman and justice of the peace shall have the power of summary conviction in matters pertaining to violations of any of the provisions of this act." As the charge made against the defendant is neither a misdemeanor nor a felony, it follows that the cause should have been proceeded with before the alderman as a summary conviction, and that the indictment found on the return to this court cannot be maintained.

It has also been suggested that the Act of 1923 is unconstitutional and against the provisions of section 3 of article III of the Constitution of 1874. There would appear to be some substance in this objection. See Winkler *v.* Com., 7 Dist. R. 696; Com. *v.* Hartzell, 17 Pa. C. C. Reps. 91. But it is not necessary to definitely decide this point, as the objections above set forth are all-sufficient.

The demurrers are sustained and the indictments set aside.

Demurrers sustained.

From George Ross Eshleman, Lancaster, Pa.